UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| BRANDON SWANNER | ) |
| | ) |
| PLAINTIFF | ) |
| v. | ) |
| BELLSOUTH TELECOMMUNICATIONS, LLC | ) |
| Serve: CT Corporation System | ) |
|     306 W. Main St. | ) |
|     Suite 512 | ) |
|     Frankfort, Kentucky 40601 | ) |
| | ) |
| DEFENDANT | ) |

**COMMPLAINT**

\*\*\*\*\*\*\* \*\*\*\*\*\*\* \*\*\*\*\*\*\*

For him complaint herein, the Plaintiff states:

1. The Plaintiff resides in Nicholas County in the Commonwealth of Kentucky.

2. The Defendant, Bellsouth Telecommunications, LLC (hereinafter "Bellsouth") owns and/or operates a business in the Commonwealth of Kentucky.

3. Plaintiff's work performed pursuant to his employment with Defendant was primarily in Bourbon County, Kentucky and all the acts or practices complained of herein occurred within the Commonwealth of Kentucky. Venue is proper under 28 U.S.C. 1391.

4. This action arises out of Plaintiff's employment with Defendant and Defendant's violations of chapter 42 of the United States Code at section 12101 *et seq.* and chapter 29 of the United States Code at section 2611 *et seq.* "Americans with Disabilities Act" (hereinafter "ADA") and "Family and Medical

Leave Act" (hereinafter "FMLA"), are federal statutes. Jurisdiction is proper under 28 U.S.C. 1331.

5. On or around February 28, 2016, the Equal Employment Opportunity Commission issued Plaintiff a "right to sue" letter thereby exhausting administrative remedies.

## FACTS

6. At the times relevant hereto Bellsouth employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. At all times relevant hereto Defendant Bellsouth was a covered employer under both the ADA and FMLA.

7. At the times relevant hereto Brandon Swanner had been employed for at least 12 months by Bellsouth, and for at least 1,250 hours of service with Bellsouth in the previous 12 month period.

8. At all times relevant hereto, Plaintiff Brandon Swanner is an otherwise qualified individual with a disability.

9. Brandon Swanner was hired by Bellsouth on or around December 2001.

10. On or around August 4, 2014 Brandon Swanner took a leave of absence to receive treatment for the above-referenced disability and/or impairment(s).

11. On or around September 17, 2014 Brandon Swanner was released to return to work.

12. On or around September 17, 2014 Brandon Swanner was terminated.

13. On or around September 17, 2014 Bellsouth failed to restore Brandon Swanner to his former position upon his return from leave.

14. Defendant Bellsouth violated the ADA and discriminated against Plaintiff Brandon Swanner.

15. Defendant Bellsouth failed to reasonably accommodate Plaintiff Brandon Swanner.

16. Defendant Bellsouth failed to engage in the interactive process to reasonably accommodate Plaintiff Brandon Swanner.

17. Defendant Bellsouth terminated Plaintiff Brandon Swanner in violation of the ADA.

18. Plaintiff Brandon Swanner sought protection under the ADA for his right to be reasonably accommodated.

19. Defendant Bellsouth retaliated against Plaintiff Brandon Swanner in violation of the ADA for exercising his protected right to seek reasonable accommodation.

20. Defendant Bellsouth's conduct as described herein amounted to a false representation or concealment of material facts or at least was calculated to convey the impression that circumstances were in a particular state that was inconsistent with Defendant Bellsouth's subsequently asserted position which was that it would not accommodate Plaintiff Brandon Swanner and/or approve his leave of absence but instead terminated him.

21. Defendant Bellsouth in and/or through its conduct as described herein intended or reasonably expected its conduct to influence Plaintiff Brandon Swanner to act.

22. At times relevant hereto Defendant Bellsouth had actual or constructive knowledge of the true facts or its subsequent position regarding Plaintiff Brandon Swanner's request for reasonable accommodation and/or request for leave of absence.

23. Plaintiff Brandon Swanner lacked knowledge and/or the means of knowledge of the fact that Defendant Bellsouth intended to subject him to an adverse employment action.

24. Plaintiff Brandon Swanner relied in good faith upon Defendant Bellsouth's representation(s) conduct and/or words that, Plaintiff Brandon Swanner would be offered reasonable accommodation and/or approved leave of absence.

25. As a result of the above-stated reliance, Plaintiff Brandon Swanner suffered a detrimental change in position that he suffered an adverse employment action.

26. Defendant Bellsouth is estopped from denying Plaintiff Brandon Swanner reasonable accommodation and/or approving his leave of absence.

27. Defendant Bellsouth is estopped from arguing and/or alleging that Plaintiff Brandon Swanner is not otherwise qualified with or without reasonable accommodation.

28. Defendant Bellsouth unlawfully violated the FMLA and interfered with Plaintiff's FMLA rights including but not limited to, by subjecting Brandon Swanner to an advere employment action and/or termination from employment with Bellsouth, due to attendance issues and/or absenteeism which were necessitated by an FMLA-qualifying reasons arising from his serious medical condition.

29. As a result of the unlawful acts of Bellsouth, Plaintiff, Brandon Swanner has suffered FMLA damages, including but not limited to lost wages, salary, employment benefits and any and all other compensation denied or lost and interest at the prevailing rate.

30. Plaintiff Brandon Swanner objected to and/or opposed Defendant Bellsouth's practice made unlawful by the FMLA, including but not limited to its desire to subject him to disciplinary action due to his absences which were necessitated by an FMLA qualifying condition.

31. Defendant Bellsouth disciplined and/or terminated Plaintiff Brandon Swanner from his employment for reasons including but not limited to opposing and/or objecting to Defendant Bellsouth's practice made unlawful by the FMLA.

32. As a result of the above-referenced retaliation, Plaintiff Brandon Swanner is entitled to damages, including but not limited to any wages, salary, employment benefits, and/or other compensation denied or lost and interest at the prevailing rate.

33. Defendant Bellsouth informed Brandon Swanner, upon his request for leave concerning his serious medical condition that his absences would be excused.

34. Defendant Bellsouth's conduct as described herein amounted to a false representation or concealment of material facts or at least was calculated to convey the impression that circumstances were in a particular state that was inconsistent with Bellsouth's subsequently asserted position which was that Bellsouth would discipline and/or terminate Brandon Swanner for his absences.

35. Defendant Bellsouth in and/or through its conduct as described herein intended or reasonably expected its conduct to influence Brandon Swanner to act by remaining absent from work.

36. At times relevant hereto Defendant Bellsouth had actual or constructive knowledge of the true facts or its subsequent position regarding Brandon Swanner's FMLA leave, including but not limited to the fact that Bellsouth intended to request medical certification from Brandon Swanner.

37 Brandon Swanner lacked knowledge and/or the means of knowledge of the fact that Defendant Bellsouth intended to discipline and/or terminate him for his absences.

38 Brandon Swanner relied in good faith upon Defendant Bellsouth's representation(s) conduct and/or words that, Brandon Swanner would not be disciplined and/or terminated and/or that his absences would be excused.

38. As a result of the above-stated reliance, Brandon Swanner suffered a detrimental change in position that he was disciplined and/or terminated due to his absences.

39. Defendant Bellsouth is estopped from denying Brandon Swanner's FMLA leave and should have restored him to his former position.

40. As a result of his reliance on Bellsouth's representations, Brandon Swanner remained off work on FMLA leave, was terminated in violation of and interference with the FMLA and as a result is entitled to FMLA damages, including but not limited to any wages, salary, employment benefits, and/or other compensation denied or lost and interest at the prevailing rate.

41. The actions of Defendant Bellsouth, including but not limited to those described herein, were not in good faith.

42. Defendant Bellsouth lacked reasonable grounds for believing that its actions, including but not limited to those described herein, were not in violation of the FMLA.

43. As a result, Plaintiff Brandon Swanner, is entitled to liquidated damages equal to the sum of any wages, salary, employment benefits, or other compensation denied or lost and interest at the prevailing rate.

44. For the foregoing reasons Defendant Bellsouth's conduct was such that Plaintiff Brandon Swanner is entitled to punitive damages.

WHEREFORE, the Plaintiff, Brandon Swanner, demands:

   1. Judgment against Defendant for compensatory and actual damages,

2. Interest on the amount awarded for compensatory and actual damages,

3. Liquidated damages equal to the sum of the amount of compensatory and actual damages and the interest on the amount of compensatory and actual damages,

4. Punitive damages

5. Attorney fees and costs of litigation,

6. Judgment against Defendant for appropriate equitable or other relief, including any other relief tailored to the harm suffered,

7. A trial by jury,

8. Judgment against Defendant for court costs herein expended, and

9. Any and all other relief to which he may appear to be entitled.

                Respectfully submitted,

By:   /s/ Jason Thompson_____
JASON D. THOMPSON, ESQ.
JOSEPH L. ROSENBAUM, ESQ.
ROSENBAUM & THOMPSON PLLC
201 West Short Street, 300B
Lexington, KY 40507
859-259-1321
859-259-1324 (fax)
jt@rtkylaw.com
ATTORNEYS FOR PLAINTIFF